IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORBERT PESHLAKAI and
LINDA PESHLAKAI,

      Plaintiffs,

vs.                                          Civ. No. 01-971 DJS/WWD-ACE

INFINITY/LEADER d/b/a
INFINITY INSURANCE COMPANY,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment filed April 3, 2002 (Docket No. 15) and Plaintiffs' Motion for Summary Judgment filed May 9, 2002 (Docket No. 19). Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted and Plaintiff's Motion is not well taken and will be denied.

*Background.*

Plaintiffs filed a "Complaint for Declaratory Judgment and for Damages from Bad Faith by Insurer" in the Eleventh Judicial District Court, State of New Mexico on August 5, 2001. Defendant removed the matter on August 24, 2001. In their Complaint, Plaintiffs are seeking a declaration that the damages to their truck was a covered loss under a policy with the Defendant. Plaintiffs also seek

damages under the Unfair Claims Practices Act, §59-A-16-20, *et seq.*, for bad faith refusal to pay the claim and punitive damages.

*Undisputed Facts.*

The undisputed facts for purposes of the motions are the following: D.N.M.LR-Civ.56.1(b). The Plaintiffs purchased and were issued a policy from the Defendant insuring their vehicles, specifically their Chevrolet pickup truck. The policy contains the following provision:

> In consideration of the premium for which the policy is written, it is agreed that the company shall not be liable and no liability or obligation of any kind shall be attached to the Company for losses or damages sustained after the effective date and time of this endorsement while any motor vehicle insured hereinunder is driven by:...Aaron Peshlakai, 7/25/1983, son.[1]

On July 13, 2000, Aaron Peshlakai drove his parents truck without permission of his parents. He had a one car accident in which the truck was damaged.

*Summary Judgement.*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) When applying this standard, the factual record and reasonable inferences therefrom are examined in the light most favorable to the party opposing summary judgment. Applied Genetics Intl. Inc. v. First Affiliated Secur., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). However, where the record taken as a whole could not lead a

---

[1] The record before the Court does not specify the consideration given. Moore v. State Farm Mutual Automobile Insur. Co. 119 N.M. 122, 888 P.2d 1004 (Ct. App. 1994). The parties do not argue that the exclusion did not comply with the consideration requirement of NMSA §66-5-222 (Repl. Pamp. 1989). Thus, the Court assumes this is not at issue in this case.

rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). *Discussion.*

The single issue presented by both motions for summary judgment concern the validity of the driver's exclusion endorsement and whether that exclusion governs when the son took the truck without permission. Under New Mexico Law, a clear and unambiguous driver's exclusion endorsement "relieves" the Defendant from any obligations of any kind under the liability provision of the policy. Garza v. Glen Falls Ins. Co., 105 N.M. 220, 731 P.2d 363 (1986). Plaintiffs contend that the exclusion does not apply because Aaron stole the vehicle from them and thus they are covered under the "theft" provision of the policy. Plaintiffs argue that the exclusion is ambiguous and any ambiguity is construed strictly against the insurer.

There is no ambiguity created by the exclusion. The use of an exclusion endorsement is expressly permitted under the Mandatory Financial Responsibility Act. NMSA 1978, §66-5-221 (Repl. Pamp. 1984). The statute provides the language to be used. The drivers exclusion endorsement attached to Plaintiffs' policy is exactly in the same form as set out in §66-5-222.

Moreover, the plain meaning of the exclusion is that there is no coverage when Aaron is driving the vehicle. The policy excludes "any kind" of liability. State Farm Auto Ins. Co. v. Kiehne, 97 N.M. 470, 471, 641 P.2d 501 (1982)("'Any' in its usual and ordinary sense, means 'without limit.'")

In addressing this same issue, the court in Yamasaki v. Mercury Casualty Insur. Co., 11 Ca. App. 4th 830, 833-34 (1992) wrote:

> Yamasaki got what she paid for. She reduced her premiums by excluding Pena...To adopt Yamasaki's argument would rend the exclusion meaningless. Any insured could simply

3

maintain the designated person was driving without permission.

The Michigan Supreme Court also addressed the issue before the Court. The Michigan Supreme Court reversed the Court of Appeals and agreed with the dissent which found the provision "loud, clear, and explicit."[2] McMillan v. Auto Club Insur. Assoc., 450 Mich. 557, 564, 543 N.W. 2d 920 (1995).

> Mr. McMillan bargained with defendant that he would not be covered under the policy when Mr. Timmerman drove his car. In exchange, defendant charged Mr. McMillan a reduced premium...Unfortunately, the event that Mr. McMillan declined to hedge against happened: Mr. Timmerman drove his van [without permission] and caused damage to it. Defendant can now enforce its end of the bargain and refuse coverage for the damage.

In the only other case found by the Court on this issue, the court again found no coverage. In this unpublished opinion a teenage son was excluded from the policy. The son took a vehicle without permission and had an accident. The court cited the above two cases and wrote he agreed with these courts that "where an insured has signed a named driver exclusion in return for a reduced premium, the insured accepts the risk that the excluded driver will take the vehicle without permission." Kulas v. State Farm Mutual Automobile Insur. Co., 2001 U.S. Dist. LEXIS 3976 (E.D. Penn. 2001).

Finally, Plaintiff relies extensively on the case of Phoenix Indemnity Insur. Co., v. Pulis, 129 N.M. 395, 9 P.3d 649 (2000). The claim in Phoenix is for uninsured motorist coverage for personal injuries in an uninsured pickup truck. The Court distinguished other excluded driver cases on the grounds they did not involve claims for uninsured motorist coverage by a class-one insured under the policy. Id. at 399-400. In Phoenix the court held that the exclusion provision at issue failed to notify

---

[2]In their brief the Plaintiffs rely on the Court of Appeals decision which was reversed by the Michigan Supreme Court.

4

the insured of the lack of coverage for a class-one insured when an excluded driver is operating any vehicle. Notice is not at issue in the instant case. In addition, unlike uninsured motorist coverage, there is no statute requiring insurance polices to contain comprehensive coverage for a theft loss.

Plaintiffs' remaining claims are premised on an improper denial of coverage by the Defendants. As the Court finds that coverage was properly denied the Plaintiffs remaining claims for bad faith, unfair claims practice and punitive damages must fail.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED** that Defendant's Motion for Summary Judgment is granted and Plaintiffs' Motion for Summary Judgment is denied;

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint and all the causes of action therein are dismissed with prejudice.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**